UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **MILTON SMITH,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 16-cv-1080-SEM |
| ) | |
| **JOHN BALDWIN, et al.,** ) | |
| ) | |
| Defendants. ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se, filed an action under 42 U.S.C. § 1983 alleging retaliation and interference with his access to the courts at the Pontiac Correctional Center. He names IDOC Director John Baldwin, Pontiac Warden Guy Pierce, Carolyn Shapiro, Stephanie Davis, Mary Richardson, and Donna Jones.

Plaintiff requests money damages, declaratory relief, and a variety of injunctive relief: that IDOC return his property; that he remain in protective custody; that IDOC cease debiting funds from his trust account; that IDOC provide him three "write outs" a week, a fan, Magic Shave, earmuffs and gloves; that he be placed in a single cell; that he receive professional mental health treatment,

and that IDOC grant him "GCC."  Plaintiff also requests, apparently in error, an injunction *against* IDOC providing him adequate medical and dental treatment.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013).

## ANALYSIS

Plaintiff alleges that on January 28, 2016, he was housed at the Pontiac Correctional Center and was in the process of appealing his state court criminal conviction to the Illinois Fourth District Appellate Court.  On that day, Plaintiff handed an appellate brief and motion for appointment of counsel to Defendant Davis to be mailed.  Defendant Davis allegedly refused to mail the documents as Plaintiff had not submitted a money voucher for the costs of postage.  Plaintiff resubmitted the documents the next day, with a

signed money voucher. Defendant Davis returned them again, telling Plaintiff that that mail was not picked up on Fridays.

On the following day, January 30, 2016, Plaintiff was told by Defendant Richardson that he was being transferred out of Pontiac. She instructed him to pack all property, including his legal documents. Plaintiff informed Ms. Richardson that he had a February 4, 2016 deadline for filing his appellate brief. Ms. Richardson allegedly told him that she had orders that Plaintiff pack up his property and there was nothing she could do about it.

Plaintiff alleges that his legal documents were effectively "confiscated" and that this was done at the direction of Warden Pierce. He asserts that Warden Pierce acted in retaliation for Plaintiff having filed a lawsuit against Defendant Davis. He asserts, further, that Warden Pierce ordered him to sign out of protective custody. Plaintiff refused to do so, claiming that signing out of protective custody would put him at risk of being transferred to a medium security facility where there were "potential inmates who vowed to kill [him]".

Plaintiff alleges that in retaliation for refusing to sign out of protective custody his documents were taken, his trust fund

account was confiscated, he was not provided toiletries and postage, he was forced to cell with a roommate who was mentally ill, and he was not given good time credit  He was also allegedly threatened that he would not receive any medical or dental treatment until he signed himself out of protective custody.

To plead a retaliation claim, Plaintiff must allege that he was retaliated against for exercising a constitutionally protected right. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009) (to prevail on retaliation claim, the Plaintiff must show that he engaged in activity protected by the First Amendment).  A prisoner, however, does not have a constitutional right to remain in protective custody. *DeJesus v. Peters*, 1997 WL 392000, at *3 (N.D.Ill. 1997) ("[t]here is no constitutional right to be housed in a protective custody unit …)  As a result, Plaintiff cannot establish First Amendment retaliation for events which allegedly occurred due to his refusal to sign out of protective custody.

Plaintiff will be allowed to go forward on his claims that Defendant Pierce retaliated by directing defendant Richardson to confiscate Plaintiff's legal papers, in response to Plaintiff's protected activity of having filed a lawsuit against Stephanie Davis.  The other

claims of retaliatory conduct are dismissed for failure to state a claim.

Plaintiff further alleges that Defendant Richardson interfered with his access to the courts by directing him to pack his legal papers in anticipation of the transfer.  He fails, however, to allege that he suffered any detriment as a result.  Whether Plaintiff was delayed in filing his brief, failed to file the brief at all, or suffered any detriment is unclear.  An access to courts claim only arises if Plaintiff suffered an "actual injury" from the inability to pursue a nonfrivolous claim.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000).  As a result, Plaintiff fails to state a case as to Defendant Richardson.  He will be allowed to replead this claim, however, in the event that he can allege detriment.

Plaintiff makes no allegations against John Baldwin in the body of the complaint.  *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)(individual liability under Section 1983 can only be based upon a finding that the defendant caused the deprivation alleged).  Furthermore,  merely naming a defendant in the caption is

insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). Director Baldwin is dismissed.

Plaintiff's allegations against Carolyn Shapiro are that she "impersonated a solicitor general", and "duped" Judge Carla Bender when she, Shapiro, was not "legal" and did not have professional legal standing with the Illinois Bar.[1] He claims, further, that Shapiro conspired with Defendant, Stephanie Davis, to "taint" his cause of action and to deny him meaningful access to the courts. The Court cannot make sense of the allegations against Ms. Schapiro and finds that Plaintiff fails to put her on notice of the claims against her. *Ross Brothers Construction Co., Inc., v. International Steel Services, Inc.* 283 F.3d 867, 872 (7th Cir. 2002). Ms. Schapiro is dismissed.

Plaintiff fails to state a constitutional claim against Stephanie Davis for refusing to mail his brief, without postage or for returning it due to mail not being picked up on Fridays. As noted, Plaintiff has not alleged that he suffered any detriment due to the delay in mailing. Furthermore, "an isolated delay or some other relatively short-term, non content-based disruption" in the processing of a

---

[1] Carla Bender is the Clerk of the Court for the Fourth District Appellate Court of Illinois.

prisoner's mail fails to state a cause of action under the First Amendment. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Kincaid v. Vail,* 969 F.2d 594, 602 (7th Cir. 1992) (isolated incident of negligence resulting in failure to file complaint did not rise to the level of a constitutional violation). Plaintiff will be given an opportunity, however, to replead as to Defendant Davis.

As to Defendant Jones, Plaintiff claims only that she informed him that he was no longer approved for protective custody and he would be kicked out. Plaintiff does not identify the position Defendant Jones held at Pontiac and does not claim that she took part in the decision to remove him from protective custody. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)(individual liability under Section 1983 can only be based upon a finding that the defendant caused the deprivation alleged). "To be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). Defendant Jones is DISMISSED.

**IT IS THEREFORE ORDERED:**

1.     This case shall proceed solely on the retaliation claim against Defendant Pierce that he had Plaintiff's legal papers confiscated in retaliation for Plaintiff having filed suit against another IDOC employee.  Defendants Baldwin, Shapiro, and Jones are DISMISSED.

2.     Plaintiff may, within 30 days, replead his allegations against Defendants Richardson and Davis with more specificity.  If Plaintiff chooses to file an amended complaint it must stand complete on its own without reference to a previous pleading.  The amended complaint must contain all claims against all defendants.  This prevents confusion over intended claims and defendants.

3.     Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.  The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4.      If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.      Defendants shall file an answer within the time prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6.      Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also

file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

**1)  ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES AND**

**2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

  June 27, 2016               s/Sue E. Myerscough  
ENTERED                    SUE E. MYERSCOUGH  
                UNITED STATES DISTRICT JUDGE